UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE Y. LEE | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Case No.   13 C 1061 |
| | ) | |
| LOIS LUDWIG HIRSCHTRITT and | ) | |
| RICHARD HIRSCHTRITT | ) | Hon. Charles P. Kocoras |
| | ) | |
| Defendant(s). | ) | |

**ORDER**

Defendants' motion (Doc [20]) to dismiss is granted. Lee's request either to remand or transfer to state court is denied.

**STATEMENT**

This matter comes before the Court on the motion of Defendants Richard Hirschtritt ("Mr. Hirschtritt") and Lois Ludwig Hirschtritt ("Mrs. Hirschtritt") (collectively "Defendants") to dismiss the complaint of Plaintiff Lawrence Y. Lee ("Lee") pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, the motion is granted.

The following allegations are derived from Lee's complaint, which the Court must accept as true for the purposes of this motion. On September 24, 2010, Mrs. Hirschtritt filed a claim against Lee with the Financial Industry Regulatory Authority, Inc. ("FINRA"), the largest independent regulator of securities firms doing business in the United States. The claim alleged that Lee had engaged in churning and that he had recommended unsuitable investments to Mrs. Hirschtritt. An arbitration hearing was held in which Mr. Hirschtritt, a licensed Illinois attorney,

represented Mrs. Hirschtritt. On February 9, 2012, the FINRA arbitrator found Lee not liable for the alleged misconduct and ruled that the claim was frivolous and that it had been brought in bad faith.

On February 22, 2013, Lee filed a six count complaint alleging: defamation per se (Count I); malicious prosecution (Count II); abuse of process (Count III); interference with prospective business advantage (Count IV); and intentional infliction of emotional distress (Count V). Count VI contains a prayer for punitive damages. Lee has sought damages in excess of $50,000 on each count. On June 11, 2013, Mr. Hirschtritt moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. On the same day, Mrs. Hirschtritt moved to join Mr. Hirschtritt's motion to dismiss. This Court granted Mrs. Hirschtritt's motion on June 18, 2013.

For purposes of a motion to dismiss pursuant to Rule 12(b)(1), the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). The plaintiff bears the burden of establishing that the court has jurisdiction over his claims. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The court may consider matters outside of the complaint in ruling on a motion to dismiss for lack of subject-matter jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

Defendants argue that: (i) none of Lee's claims raises a federal question under 28 U.S.C. § 1331; and (ii) Lee and Defendants are Illinois citizens, thus destroying diversity jurisdiction as required under 28 U.S.C. § 1332. Lee does not dispute that all parties are citizens of Illinois. Rather, he contends that: (i) the instant case arises under federal law because the alleged tortious conduct occurred in the context of a FINRA arbitration; and (ii) if the Court rules to the contrary,

Lee seeks either remand to state court pursuant to 28 U.S.C. § 1447(c) or transfer to state court pursuant to 28 U.S.C. §§ 1404, 1631.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It is true that Congress has delegated authority to FINRA in that any FINRA regulation approved by the Securities and Exchange Commission, which oversees FINRA, has the force of a federal regulation. *See Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1132 (9th Cir. 2005). However, *Credit Suisse*, upon which Lee relies, dealt with the issue of preemption of state law by FINRA regulations. In the instant case, Lee's complaint consists exclusively of Illinois state law tort claims, and Lee has not shown how any ruling on these claims would conflict with the FINRA arbitrator's ruling in his favor. The FINRA proceeding has concluded, and a judgment either for or against Lee will in no way alter it. As such, *Credit Suisse* is inapposite.

The Supreme Court recently decided an issue quite similar to the one raised in the case at hand. In *Gunn v. Minton*, 133 S. Ct. 1059 (2013), the Court held that a legal malpractice claim based on state law arising from federal patent litigation did not satisfy the "arising under" requirement of § 1331. For this requirement to be satisfied where the underlying claim is one of state law, the federal issue must be substantial, meaning that it "must be significant to the federal system as a whole." *Id.* at 1068.

In the instant case, Lee alleges that Defendants defamed him, maliciously prosecuted him, abused process, interfered with his prospective business advantage, and intentionally inflicted emotional distress upon him. The FINRA arbitrator found the claims to have been false and brought in bad faith. Even if a jury were to disagree, this contrary resolution would do

3

nothing to upset the FINRA arbitrator's ruling. A verdict against Lee would simply mean that he would not be compensated under state law for the conduct allegedly committed by Defendants. The Court, therefore, holds that Lee's claims are Illinois state tort claims that do not arise under federal law, and the Court lacks subject-matter jurisdiction to entertain them.

Alternatively, Lee asks this Court either to remand the cause to state court pursuant to 28 U.S.C. § 1447(c) or to transfer it to state court pursuant to 28 U.S.C. §§ 1404, 1631. Section 1447(c) pertains to the remand of a case to state court when a district court determines that it lacks subject-matter jurisdiction, but this section is applicable where the case has been removed to federal court from state court. In the present case, no removal occurred, so this section is inapposite.

Section 1404, which allows a federal court to transfer a case, is also inapplicable, as the Supreme Court has held that this section applies exclusively to transfers among federal district courts. *Pope v. Atl. C. L. R. Co.*, 345 U.S. 379, 384 (1953). Lee's citation to Section 1631 is also unpersuasive. Section 1631 permits a district court, upon determining that it lacks jurisdiction in a case, to transfer that case if in the interest of justice "to any other such court in which the action . . . could have been brought at the time it was filed[,] . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred." Though the Supreme Court has not specifically addressed the question of whether Section 1631 permits a district court to transfer a case to a state court, this Court agrees with the reasoning of *McGlaughlin v. Arco Polymers, Inc.*, 721 F.2d 426 (3d Cir. 1983). In *McGlaughlin*, the court examined the language and legislative history of the statute and deemed it to be applicable only to transfers among federal courts. *See id.* at 428-

4

29. Even sans *McGlaughlin*, this Court can see no way in which the holding of *Pope* would not be applicable to Section 1631. As such, the motion to transfer pursuant to Section 1631 is denied.

For the foregoing reasons, Defendants' motion to dismiss is granted. Lee's request either to remand or transfer to state court is denied.

Date: August 6, 2013

CHARLES P. KOCORAS
United States District Judge

5